**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ELGIN BANKS, an Individual; et al., | No. 21-55538 |
| Plaintiffs-Appellants, | D.C. No. 2:20-cv-05495-MCS-GJS |
| v. | |
| AMERICAN AIRLINES GROUP, INC., DBA American Airlines, a Delaware Corporation, | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Central District of California
Mark C. Scarsi, District Judge, Presiding

Submitted May 12, 2022[**]
Pasadena, California

Before: IKUTA and NGUYEN, Circuit Judges, and DANIELS,[***] District Judge.

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]      The Honorable George B. Daniels, United States District Judge for the Southern District of New York, sitting by designation.

Elgin Banks, Aubrey Kelly, Natalie Epstein, Brandy Flowers, and Cynthia Vassor (collectively "Appellants") appeal the district court's dismissal of their complaint against defendant American Airlines Group, Inc. ("American Airlines") for failure to state a claim. *See* Fed. R. Civ. P. 12(b)(6). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Appellants failed to state a claim for race discrimination under 42 U.S.C. § 1981 because their complaint does not identify a contractual relationship with American Airlines or "rights under the existing (or proposed) contract that [Appellants] wishe[d] 'to make and enforce.'" *Domino's Pizza, Inc. v. McDonald*, 546 U.S. 470, 479–80 (2006). Although Appellants' complaint alleges they were discriminated against with respect to bringing a carry-on bag aboard the plane, changing seats once on the plane, and receiving a voucher for overnight accommodations after the flight was cancelled, they do not allege that they had a contractual right to such benefits. Nor do Appellants allege that they sought to modify an existing contract with American Airlines for such benefits.[1]

Appellants failed to state a claim for negligence under California law because their complaint failed to make the necessary allegation that American

---

[1] Plaintiffs failed to include such allegations in their complaint even after the district court expressly identified this deficiency in its order dismissing Plaintiffs' second amended complaint.

Airlines owed them a duty of care. *See Doe v. United States Youth Soccer Assn., Inc.*, 8 Cal. App. 5th 1118, 1128 (Cal. Ct. App. 2017). We reject Appellants' assertion that the American Airlines owed them a duty of care under California Civil Code § 2103, because before the district court, Appellants conceded that California Civil Code § 2103 is preempted by the Federal Aviation Act (FAA). *See Abou-Jaoude v. British Airways*, 228 Cal. App. 3d 1137, 1141 (Cal. Ct. App. 1991) (holding that the FAA preempts Cal. Civ. Code § 2103).[2] We also reject Appellants' assertion that American Airlines had a duty to teach its employees to conduct themselves with dignity in order to eliminate discrimination, because Appellants failed to allege that duty in their complaint and failed to raise it to the district court. *See Dream Palace v. Cty. of Maricopa*, 384 F.3d 990, 1005 (9th Cir. 2004) ("Ordinarily, [this court] decline[s] to consider arguments raised for the first time on appeal.").

   **AFFIRMED.**

---

   [2] Although we are "not bound by state court decisions on the preemptive effect of federal law," *Matter of Holiday Airlines Corp.*, 647 F.2d 977, 980 (9th Cir. 1981), Appellants do not dispute that they are bound by their concession that the FAA preempts California Civil Code § 2103.